"This military pay case is brought pro se. The plaintiff was discharged from the United States Navy as undesirable on May 29, 1945. The Board for Correction of Naval Records on March 3, 1977, recommended that this record be corrected to show a general discharge, by reason of convenience of the service, and this has been done. He now wants an award of $200,000 to compensate for lost pay and for subsequent career injuries resulting from incidental charges he says were untrue, i.e., that he had a veneral disease. Defendant moves for summary judgment.
"It is clear the claim sounds in tort in large part, of which part we have no subject matter jurisdiction. 28 U.S.C. § 1491. In part, it is for back pay, and plaintiff says his pay was $36 per month, but the time to enlistment expiration is not stated. The claim accrued on the date of discharge and has long been barred by the six-year statute of limitations. 28 U.S.C. § 2501. Plaintiff cannot assert a new cause of action for back pay accruing on the date of the discharge correction, since he makes no showing, and there is no reason to suppose that the Secretary would not have lawfully terminated his service with a general discharge for convenience of the service on May 29, 1945; thus the correction of the record did not per se generate any claim for back pay under law. See Order in Holbrook v. United States, ante at 389.
*463 "Accordingly, upon consideration of defendant’s motion, and plaintiffs opposition, but without oral argument, it is ordered that defendant’s motion for summary judgment is granted and the petition is dismissed.”